## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

MARGARET RUDICK,                    )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )          No. 15-CV-3177-S-DGK-SSA
                                    )
CAROLYN W. COLVIN, Acting           )
Commissioner of Social Security,    )
                                    )
    Defendant.                      )

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Margaret Rudick petitions for review of an adverse decision by Defendant, the

Acting Commissioner of Social Security ("the Commissioner").  Plaintiff applied for disability

insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434.   An

administrative law judge ("ALJ") found she had multiple severe impairments, including obesity,

degenerative disc disease, acromioclavicular joint arthrosis, diabetes mellitus, and bipolar

disorder, but retained the residual functional capacity ("RFC") to perform work as an addresser

or document preparer.  The ALJ thus found her not disabled.

Because the ALJ's opinion is supported by substantial evidence on the record as a whole,

the Commissioner's decision is AFFIRMED.

### Background

A complete summary of the record is presented in the parties' briefs and repeated here

only to the extent necessary.  Plaintiff applied for benefits on July 14, 2012, alleging a disability

onset date of April 28, 2012.  After the Commissioner denied her application, Plaintiff requested

an ALJ hearing.  On December 23, 2013, the ALJ found that Plaintiff was not disabled.

The Social Security Administration Appeals Council denied her request for review on February 24, 2015, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). This five-step process considers whether: (1) the claimant is employed; (2) she is severely impaired; (3) her impairment is, or is

comparable to, a listed impairment; (4) she can perform past relevant work; and if not, (5) if she can perform any other kind of work. *Andrews*, 791 F.3d at 928.

Plaintiff argues that the ALJ erred by failing to properly weigh the evidence of record in formulating her RFC at Step Four. Specifically, she argues the ALJ misweighed the medical evidence of record and misjudged her credibility.

## I. The ALJ gave ample reasons for withholding deference from Dr. Ceniceros's opinion and giving deference to Dr. Bland's.

Plaintiff's first argument is that the ALJ improperly rejected the opinion of Salvador Ceniceros, M.D. ("Dr. Ceniceros"). *See* R. at 24. She argues the ALJ compounded this error by instead relying on a deficient opinion by non-examining physician Lester Bland, Psy.D. ("Dr. Bland").

The ALJ must rely on the medical evidence to determine a claimant's RFC. 20 C.F.R. § 404.1545(a)(3). "Since the ALJ must evaluate the record as a whole, the opinions of treating physicians do not automatically control." *Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014). The ALJ may discount or disregard a treating physician's opinion "where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Andrews*, 791 F.3d at 928. "[T]he ALJ must give good reasons for the weight apportioned." *Id.*

Substantial evidence on the record as a whole supports the ALJ's decision to give "less weight" to Dr. Ceniceros's mental medical source statement.[1] On April 20, 2013, Dr. Ceniceros issued a mental medical source statement in which he opined that Plaintiff's limitations seriously

---

[1] Plaintiff spends much time defending other opinions by Dr. Ceniceros, *e.g.* Pl.'s Br. 11 (Doc. 8), but the only Dr. Ceniceros opinion given "less weight" by the ALJ was his mental medical source statement. R. at 24. Thus, Plaintiff's discussion of Dr. Ceniceros's other findings—regarding, for example, her dysphoric mood—is inapposite.

interfered with her ability to maintain attention and concentration for extended periods. R. at 335–36.[2]

Dr. Ceniceros's attention-and-concentration limitations, as the ALJ rightly indicated, contradict his other medical opinions. Four times before issuing his medical source statement, Dr. Ceniceros issued reports noting, "Attention and concentration appear within normal limits." R. at 311, 328, 330, 344. Ten days after issuing the medical source statement, he made the same observation. R. at 338. He did so again six weeks later. R. at 368.

On this evidence, the ALJ fairly gave this part of Dr. Ceniceros's opinion less weight. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (supporting the ALJ's rejection of two medical opinions that the authoring physicians later contradicted).[3]

Plaintiff next complains that the ALJ improperly relied on Dr. Bland's opinion that she could acquire and retain moderately complex instructions, sustain concentration for simple tasks, and adapt to changes in the work setting. R. at 68–81. The ALJ gave "some weight" to this opinion. R. at 24. Plaintiff argues that Dr. Bland's opinion is unpersuasive because it was rendered before Dr. Ceniceros's opinions.

As discussed above, Dr. Ceniceros's opinions, viewed as the whole, establish that Plaintiff is not limited in her attention and concentration. Thus, Dr. Bland's opinion is consistent

---

[2] Dr. Ceniceros also found that Plaintiff's limitations seriously interfered with her ability to understand, remember, and carry out detailed instructions. R. at 335. However, the ALJ *did* factor Dr. Ceniceros's detailed-instructions limitation into Plaintiff's RFC. R. at 20 ("She can understand, remember, and carry out simple instructions and non-detailed tasks."). Therefore, the Court rejects any challenge to this portion of the medical source statement.

[3] Plaintiff argues that Dr. Ceniceros's opinion is bolstered by a mental medical source statement written by Eva Wilson, Psy.D. ("Dr. Wilson"). However, the ALJ gave that opinion "little weight." R. at 25. Because Plaintiff does not meaningfully challenge the propriety of that assessment, Dr. Wilson's opinion cannot be used to support Dr. Ceniceros's.

with Dr. Ceniceros's. Accordingly, the ALJ fairly relied on it. *See Hacker v. Barnhart*, 459 F.3d 934, 939 (8th Cir. 2006).

A reasonable mind could read these contradictory opinions and agree with the ALJ's decision. *See Andrews*, 791 F.3d at 928. Therefore, the ALJ gave "good reasons" for giving less weight to Dr. Ceniceros's opinion and more weight to Dr. Bland's. *Id.*

## II. Plaintiff fails to impeach the ALJ's credibility analysis.

Plaintiff testified at her hearing about several limitations imposed by her impairments, for example, difficulty standing more than five minutes. R. at 57. The ALJ partially discredited Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms. R. at 21–23. The ALJ still found that Plaintiff has significant limitations, which he found affected her RFC. R. at 20, 23. Plaintiff claims the ALJ erred in partially rejecting her testimony.

The ALJ must examine the claimant's credibility to properly assess her RFC. 20 C.F.R. § 404.1529(c)(3). In making this determination, the ALJ must take into account all record evidence, including the medical evidence and the claimant's prior work record. *Wright*, 789 F.3d at 852. Because "[t]he ALJ is in a better position to evaluate credibility," the district court must defer to his credibility findings if "they are supported by sufficient reasons and substantial evidence on the record as a whole." *Andrews*, 791 F.3d at 929.

Here, the ALJ articulated several well-supported reasons for discounting Plaintiff's credibility. Plaintiff challenges his analysis in two ways. First, she argues that her poor work history does not undercut her claims that her RFC is less than what the ALJ found. She reported working a number of jobs "off and on" for years until she finally stopped working in 2009—two and a half years before her disability onset date—and had many years of low earnings before

then.  R. at 163–65, 180, 191.  She says she was not working during this time because she was unhappy, depressed, and suicidal—though she admitted to Dr. Wilson she "has never had any regular treatment for depression."  R. at 269, 310.  Notwithstanding, the ALJ could reasonably use her poor work history to discount her credibility.  *See Frederickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2005) (so holding in light of a "sporadic work record reflecting relatively low earnings and multiple years with no reported earnings").

Second, she argues her myriad daily activities do not permit her to perform sedentary work, which is the RFC formulation found by the ALJ.  R. at 20.[4]  Plaintiff reported, among other daily activities: shopping online, R. at 56; preparing her son for school, R. at 55; watching television, R. at 203; and using the computer for at least thirty minutes at a time, R. at 40, 199.  Cumulatively, these activities—which require standing, sitting, and walking—undermine Plaintiff's claims that she has less RFC than the ALJ found.  *See Ponder v. Colvin*, 770 F.3d 1190, 1195–96 (8th Cir. 2014) (finding a claimant could perform sedentary work in light of daily activities including performing light housework, washing dishes, cooking, handling money and paying bills, shopping, watching television, driving a vehicle, and leaving the house).  This is especially the case because at least one treating nurse actually advised her to increase her activity and exercise.  R. at 357; *see Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) ("A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise.").

---

[4] The Commissioner defines "sedentary work" as:

> [W]ork involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

Because Plaintiff has failed to show how the ALJ's credibility findings were procedurally improper or unsupported by substantial evidence on the record as a whole, the Court rejects this argument.  *See Andrews*, 791 F.3d at 929.

### Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying Title II benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  December 30, 2015                    /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT